IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| United States of America | * | |
| v. | * | Case No. GLR-11-0310 |
| Yvonne Castle Taylor | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### SUPPLEMENTAL MOTION TO SUPPRESS EVIDENCE

Yvonne Castle Taylor, by and through her undersigned counsel, Joshua R. Treem, Esq., Emily L. Levenson, Esq., and Schulman, Treem & Gilden, P.A., hereby files this Supplemental Motion to Suppress Evidence and incorporates her prior Motion to Suppress, filed June 1, 2012, and requests that this Court suppress all evidence seized as a result of the illegal stop, detention, arrest and search of Yvonne Castle Taylor and the fruits of the foregoing, as well as all statements made by Ms. Taylor.

In support of this Motion, the Defendant contends that the evidence seized and obtained was the result of an illegal search of Yvonne Castle Taylor without a valid search warrant, without consent, and without probable cause or reasonable suspicion of criminal activity in violation of the Yvonne Castle Taylor's constitutional rights under the Fourth Amendment to the United States Constitution.

### Facts

At this point, Ms. Taylor acknowledges and responds to the facts as set forth by the Government in the Indictment, Criminal Complaint, and Affidavit in Support of Complaint. Ms. Taylor does not, however, admit these facts as true, and will contest their veracity at the upcoming Motions Hearing. A copy of the affidavit is attached.

Analysis

**1. Investigatory Stop**

The stop and detention of Ms. Taylor in the jetway in Atlanta was a non-routine border search requiring reasonable suspicion to comport with the Constitution. *See United States v. Oriakhi*, 57 F.3d 1290, 1297 (1995) (finding that a non-routine border search requires reasonable suspicion). Because law enforcement had no reasonable basis to believe that Ms. Taylor was engaged in criminal activity when they stopped and detained her in the jetway, the stop and detention was in violation of the Fourth Amendment, and all of its fruits should be suppressed.

Here, two Customs and Border Protection officers stopped and questioned Yvonne Castle Taylor not as part of regular procedure, but specifically based on an anonymous tip that Ms. Taylor was carrying a large amount of cash. This tip, however, had been specifically disproven by an earlier search of Ms. Taylor. Law enforcement had investigated Ms. Taylor at BWI airport and patted her down with negative results. At that time, law enforcement failed to find any evidence to corroborate its tip, and the tip lost what little credibility it had possessed. Furthermore, nothing happened after that point to establish reasonable suspicion to stop Ms. Taylor. *See United States v. Roberts*, 274 F.3d 1007, 1015 (5th Cir. 2001) (concluding that a tip from a confidential source must be verified with sufficient detail in order to provide reasonable suspicion). Other than going to the rest room, hardly a suspicious event when one is changing planes at an airport, there is nothing alleged that rises to the level needed to stop and question Ms. Taylor. Accordingly, the stop, detention, arrest and search of Ms. Taylor on the jetway violated the Fourth Amendment, and the exclusionary rule should be applied to exclude from evidence all of its fruits.

**2. Custodial Interrogation**

Yvonne Castle Taylor was in custody at the time she was stopped on the jetway and therefore

was entitled to her Miranda warnings prior to being questioned by law enforcement. *See United States v. Jamison*, 509 F. 3d 623, 628 (4th Cir. 2007) (finding that a person is considered in custody and entitled to Miranda warnings where a reasonable person in his or her position would not feel free to decline law enforcement's request or otherwise terminate the encounter, such as by leaving).

Here, Ms. Taylor was confronted by two Custom and Border Protection officers in a narrow airport jetway as she was attempting to board her plane. Putting aside for the moment the humiliation and embarrassment this incident unnecessarily caused, which provides its own element of coercion, the narrowness of the jetway and the lack of egress firmly compounds the coercive nature of this stop. Regardless of what might prove to be contradictory accounts of whether the officers inhibited her egress by physically preventing her from boarding her flight, while proceeding to interrogate her about how much money she had on her person and continuing this interrogation even after she answered their questions, there is no doubt that the plane left without her, leaving her essentially stranded. In fact, the only way that she would think that she would be allowed to board would be to answer. Can the government seriously contend that if she had not responded she would have been allowed to board her flight? When considering the officers' behavior, a reasonable person in Ms. Taylor's position would not feel that she was free to decline answering the officers' questions or otherwise terminate the encounter. Specifically, when considering the totality of the circumstances—the officers physically preventing Ms. Taylor from boarding her flight, while continuing to interrogate her and repeating the same questions until she provided incriminating statements—a reasonable person in her position would neither feel that she was free to decline to answer law enforcement's questions, nor that she was free to terminate the encounter. *See United States v. Ali*, 86 F.3d 275, 276-77 (2d Cir. 1996) (holding that a reasonable person would not feel free to leave where, among other factors, he was asked by officers to step away from the flight's

boarding area, his travel documents were removed, and the questions of the officers suggested that they knew he had contraband and that they were not about to let him go at all).

Similarly, the statements allegedly volunteered by Ms. Taylor during booking were obtained in violation of the Fifth Amendment because Ms. Taylor was undoubtedly under arrest at that time and had indicated a desire that she did not wish to waive her Miranda rights. Furthermore, these statements were not made voluntarily, as the Government contends, but rather were the result of coercion. Therefore, these statements, like those obtained on the jetway, were obtained during the interrogation of Ms. Taylor and in violation of the Fifth Amendment. *See United States v. Cardwell*, 433 F.3d 378, 388-89 (4th Cir. 2005) (noting that "statements obtained from the defendant during custodial interrogation are presumptively compelled in violation of the Fifth Amendment's Self–Incrimination Clause"). Moreover, the fact that Defendant exercised her Miranda rights both times they were offered by law enforcement is indicative of the fact that she would have exercised her rights during the initial interrogation had she been lawfully advised of her rights. Consequently, all statements made by Ms. Taylor both on the jetway and at any time after that point should be suppressed as fruits of the unlawful interrogation.

## Conclusion

For all of the foregoing reasons, as well as those set forth in Ms. Taylor's previously filed Motion to Suppress, and for those to be presented at an evidentiary hearing on this matter, Yvonne Castle Taylor requests that this Court order all evidence and statements obtained as a result of the illegal stop, detention, arrest, and search of her be suppressed as fruits of the poisonous tree.

                    Respectfully submitted,

                    ___/s/ *Joshua R. Treem*_____
                    JOSHUA R. TREEM (Bar No. 00037)
                    EMILY L. LEVENSON (Bar No. 28670)
                    Schulman, Treem & Gilden, P.A.
                    401 E. Pratt Street, Suite 1800
                    Baltimore, MD 21202
                    (410) 332-0850
                    jtreem@schulmantreem.com
                    elevenson@schulmantreem.com

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 16th day of November, 2012, a copy of the foregoing Supplemental Motion to Suppress Evidence was served on AUSA Michael Cunningham through the CM/ECF system.

                    ___/s/ *Joshua R. Treem*_____
                    Joshua R. Treem

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| United States of America | * | |
| v. | * | Case No. GLR-11-0310 |
| Yvonne Castle Taylor | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>ORDER</u>**

Upon consideration of the Defendant's Motion to Suppress Evidence and Supplemental Motion to Suppress Evidence, it is this _____ day of _____, 2012,

ORDERED that the Motion is GRANTED, and that all evidence seized as a result of the illegal stop, detention, arrest and search of Yvonne Castle Taylor be suppressed.

                                           _____
                                           Judge George L. Russell, III
                                           U.S. District Court for the District of Maryland