UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| v. | :    **CRIMINAL NO. GLR-11-310** |
| **YVONNE CASTLE TAYLOR** | : |

### GOVERNMENT'S PRE-TRIAL MEMORANDUM ON ASSET FORFEITURE ISSUES

The United States of America, by its counsel, submits this memorandum on the procedures governing the forfeiture of property in a criminal case, to assist the court and counsel for the defendant in the upcoming trial.

In the event the defendant is found guilty of Count 1 of the Indictment (bulk cash smuggling in violation of 31 U.S.C. §5332), the Government will be seeking the forfeiture of the $102,195 in currency that was seized from the defendant on May 28, 2011, which the facts presented at trial will prove to be property involved the charged offense under 31 U.S.C. § 5332(b).

The forfeiture issues will not be considered until and unless the jury returns a guilty verdict the count giving rise to the forfeiture. *See* Rule 32.2(b)(1). In that event, the court must determine what property is subject to forfeiture. Rule 32.2(b)(1)(A). The court's determination may be based on evidence already in the record and on any additional evidence or information the parties submitted by the parties.. Rule 32.2(b)(1)(B). The Rules of Evidence do not apply in the forfeiture phase of the trial. *See United States v. Ali*, 619 F.3d 713, 720 (7th Cir. 2010) (because forfeiture is part of sentencing, less stringent evidentiary standards apply in the forfeiture phase of the trial; the evidence need only be "reliable"); *United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) (Rule 32.2(b)(1) allows the court to consider "evidence or

information," making it clear that the court may consider hearsay; this is consistent with forfeiture being part of the sentencing process where hearsay is admissible).

The Government's burden is to establish the forfeitability of the property by a preponderance of the evidence. *See United States v. Martin,* 662 F.3d 301, 307 (4th Cir. 2011) ("the government must establish a nexus between the property for which it is seeking forfeiture and the crime by a preponderance of the evidence").

Generally, the forfeiture determination is made by the court, not the jury. *See* Rule 32.2(b)(1)(A). The rule, however, gives the defendant a limited right to have the jury retained to determine the forfeiture to the extent that the Government is seeking the forfeiture of specific assets on the theory that they were directly involved in, or traceable to, the offense for which the defendant has been convicted. Rule 32.2(b)(5).

To invoke this right, the defendant must make his election known to the court prior to the time the jury begins its deliberation regarding the defendant's guilt or innocence. Rule 32.2(b)(5)(A). The purpose of that provision, which was added to Rule 32.2 in 2009, is to allow the court and the jurors to plan their calendars, and to allow the Government time to prepare special verdict forms and jury instructions, or conversely, to save the court and the Government the judicial resources that would be wasted making such preparations if the defendant intends to waive the jury. *See* Advisory Committee Note to 2009 Amendment to Subdivision (b)(5)(A).[1] If

---

[1] The Advisory Committee Note provides, in pertinent part, as follows:

> Although the rule permits a party to make this request just before the jury retires, it is desirable, when possible, to make the request earlier, at the time when the jury is empaneled. This allows the court to plan, an also allows the court to tell potential jurors what to expect in terms of service.

2

the defendant fails to make a timely request to have the jury retained, his right to do so is waived. *See United States v. Nichols*, 429 Fed. Appx. 355, 356 (4th Cir. 2011) (per curiam) ("although a defendant has a right to have a jury decide a forfeiture issue, the defendant must affirmatively assert that right," citing Rule 32.2(b)(5); *United States v. Poulin*, 461 Fed. Appx. 272, 287 n.6 (4th Cir. 2012) (per curiam) ("there is no constitutional right to a jury determination of forfeiture matters," the question is whether the court complied with Rule 32.2).

Accordingly, in this case, the Government will be prepared to establish the forfeitability of the $102,195 seized from the defendant by a preponderance of the evidence. The Government also respectfully requests that the court inquire of the defendant, at the time the jury is empaneled, whether the defendant will be invoking his limited right under Rule 32.2(b)(5) to have the jury retained.

        Respectfully submitted,

        Rod J. Rosenstein
        United States Attorney

By:_____/ss/_____
        P. Michael Cunningham
        Evan T. Shea
        Assistant United States Attorneys
        36 South Charles Street
        Fourth Floor
        Baltimore, Maryland 21201
        (410) 209-4800

## **CERTIFICATE OF SERVICE**

I certify that the foregoing Government's Pretrial Memorandum on Asset Forfeiture Issues was filed using CM/ECF on February 20, 2013 and served on all parties of record via that system.

_____/s/_____
Evan T. Shea
Assistant United States Attorney